## BENJAMIN FRENCH *et al. versus* JOHN A. LOWELL.

Upon the question, whether a certain charge in an account of a general average loss, made up at New Orleans, was reasonable and customary, a deposition was offered in evidence, in which the witness, being asked to state all that he knew of a particular case tried at New Orleans, testified, that he did recollect the case, having been the secretary of the insurance company who were the defendants therein, and referred to a copy of the printed opinion of the Supreme Court of Louisiana, purporting to give the history of such case, which was annexed to the deposition, but he did not state that the law or the facts were known to him, or were truly reported. It was *held*, that such copy was inadmissible in evidence.

THIS was assumpsit, brought by the owners of the brig Pandora against a freighter, to recover the contribution due from him on general average.

*March 17th.*    *Parsons* and *Stearns*, for the defendant, cited *Frith* v. *Sprague*, 14 Mass. R. 455.

*C. G. Loring*, for the plaintiffs.

*March 21st.*    SHAW C. J. delivered the opinion of the Court. The single question in the present case is, whether the paper annexed to the deposition of one Harrod, was competent evidence to the jury, to prove any fact in issue before them. The question was, whether in an account of general average, made up at New Orleans on a vessel returning in distress, the charge of two and a half per cent upon the cargo, as a merchant's commission, was a reasonable and just charge, and one to which all those liable to general average were bound to contribute. This must depend upon the propriety and reasonableness of the charge, and this again must depend upon the usage and custom of the place. Harrod, in his deposition, in answer to an inquiry whether he knew of a particular case, tried before the council at New Orleans, and if so, to state all that he knew about it, says that he did recollect the case mentioned, having been at that period the secretary of the insurance company which was one of the parties, and he refers to the copy annexed of the printed opinion of the Supreme Court of Louisiana. The Court are of opinion, that this paper was not competent evidence, and was rightly rejected. As evidence of any fact, bearing upon the question of custom, it was incompetent, because the witness does not state that the facts

were known to him personally, or if they were, that they were truly reported in that opinion. He does not in any manner verify the statement of the facts by adopting it as his own.

As evidence of the law of Louisiana, it was wholly irrele- vant. The unwritten or customary law of a foreign country, is to be proved by the testimony of witnesses, who from their situation and circumstances may be presumed to understand it, at least that part of it which is the subject of inquiry. It would be difficult to lay down any rules *à priori*, in a matter depending so exclusively upon circumstances. In regard to a question of mercantile or maritime law of a neighbouring State, it would be reasonable to expect testimony from well known and distinguished professional men. Upon a subject of mari- .ime law, especially of some country with which our own has .ittle intercouise, perhaps the testimony of ship-masters and supercargoes would be considered competent. Perhaps, in a case like the present, the testimony of a president or secretary of an insurance company, as to a point of custom- ary law, affecting mercantile rights, might be deemed compe tent, if given under a profession of being acquainted with it, and with the intent of stating his own knowledge of the law, with his means of knowledge. But the paper in question pur- ports to state only the history of a particular judicial determi- nation, and the witness does not, in terms or by implication, adopt it as a statement of his own opinion of the law, nor does he profess to know or to state the law of Louisiana upon the subject.

As the evidence of a particular judicial proceeding or de- cree, if such decree were in any respect relevant, it is incom- petent for want of due authentication.

*Judgment on the verdict.*